United States District Court
Southern District of Texas
**ENTERED**
August 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO LORENZO PARRA, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-05813 |
| | § | |
| BRET BRADFORD, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Before the Court are Petitioner Alejandro Lorenzo Parra's Petition for Writ of Habeas Corpus (Doc. #1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #5). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Alejandro Lorenzo Parra ("Petitioner"), a citizen of Mexico, entered the United States without inspection on an unknown date at an unknown place.[1] Doc. #5, Ex. 1 at 1. Several years later, on or about December 20, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") officials and charged with being an alien present in the United States who has not been admitted or paroled. Doc. #1 at 2; Doc. #5, Ex. 1 at 1. Following his arrest, Petitioner was placed into custody at the Houston Contract Detention Facility in Houston, Texas. Doc. #1 at 2. At this time, he remains in custody and Petitioner challenges "the constitutional adequacy" of

[1] Petitioner states that he entered the United States without inspection near Calexico, California on or about May 17, 2000. Doc. #1 at 6.

his bond hearing.[2] *Id.* Meanwhile, Respondents appear to indicate that no bond hearing was held and that, regardless, Petitioner should remain detained with or without a bond hearing. Doc. #5 at 8. The parties do not dispute that Petitioner has no criminal history, poses no flight risk, and is not a danger to the community.[3] Doc. #1 at 6; *see* Doc. #5.

Respondents argue Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).[4] Doc. #5 at 6-7. Petitioner contends that his re-detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 12-14. Courts in the Southern District of Texas, however, have held that the continued detention of a noncitizen who has no criminal history and has not been shown to be a flight risk or danger to the community violates procedural due process. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2-4 S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2-4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8-10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

---

[2] "Petitioner challenges the constitutional adequacy of the prior bond proceeding and alleges that continued detention based on that determination violates due process because the Government was not required to justify detention or establish the inadequacy of less restrictive alternatives." Doc. #1 at 2.

[3] "Petitioner has significant ties to the United States, including nearly twenty-six years of residence, long-term employment as a construction worker, close family members in the United States, including his wife, two United States citizen children, two DACA-recipient children, and a lawful permanent resident sister, and no criminal history. Petitioner also has a pending appeal before the Board of Immigration Appeals." Doc. #1 at 2. Petitioner asserts that "[t]hese facts are relevant to whether Petitioner presents a danger or flight risk and whether any identified risk can be reasonably addressed through conditions of release." *Id.*

[4] Respondents also argue the Court should stay proceedings pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez v. Ortega*. Doc. #5 at 3-6 (citing 2026 WL 1906557, No. 26-50183 (5th Cir. July 2, 2026)). The Fifth Circuit's one-sentence stay order contains no analysis and does not indicate precedential effect beyond the consolidated appeals at issue. The Court agrees with its sister court in the Southern District of Texas that the stay should not be read as foreclosing due process claims in other cases. *See Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at *3-4 (S.D. Tex. July 27, 2026).

Accordingly, the Court concludes that Petitioner's re-detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines that release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #5. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.
2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.
3. Respondents are further ORDERED to return to the Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.
5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.
6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

AUG 2 4 2026

Date

The Honorable Alfred H. Bennett
United States District Judge